[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13352
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20457-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN POMPEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 10, 2019)

Before TJOFLAT, WILSON and HULL, Circuit Judges.

PER CURIAM:

Jean Pompee, serving consecutive sentences of 51 months---27 months for possessing 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and 24 consecutive months for aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1)---appeals the district court's order denying his "Motion to Award Credit for Time Served." He argues that the court's judgment is silent on the issue of time served and that contrary to the court's position, it had the authority under Federal Rule of Criminal Procedure 36 to clarify whether it intended his 51 months total sentence to run concurrently or consecutively to his yet-to-be-imposed state sentence for violating his probation. We affirm the district court's order because the court lacked subject matter jurisdiction to grant Pompee the relief he seeks.

Rule 36 provides that the court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 cannot be used to make substantive alterations to a criminal sentence. *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016). What Pompee seeks is not the correction of a clerical error, but the modification of his sentences, a service Rule 36 cannot provide. In sum, the district court lacked the authority under Rule 36 to modify the judgment in this case to reflect that Pompee's federal and state sentences should run concurrently.

2

**SO ORDERED.**